

Sterne Kessler Goldstein Fox
ATTORNEYS AT LAW

February 3, 2017

**VIA ECF**
Mr. Peter R. Marksteiner
Clerk of the Court
U.S. Court of Appeals for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

    Re:    *Google Inc., v. SimpleAir, Inc.*, No. 16-1901
            Response to SimpleAir's Rule 28(j) letter

Dear Mr. Marksteiner:

      SimpleAir, Inc. ("SimpleAir") cites to this Court's decision in *Phigenix, Inc. v. Immunogen, Inc.*, No. 2016-1544 (January 9, 2017) as authority for its argument that Google Inc. ("Google") lacks standing to pursue its appeal. That case did not impact Google's standing.

      As Google identified in its opening brief (Op. Br. at v), SimpleAir sued Google for infringement of the '154 patent in Federal district court. That charge of infringement confers Google with Article III standing to pursue an invalidity claim. That standing is not revoked by SimpleAir's subsequent voluntary dismissal, with prejudice, of its infringement claim on the '154 patent.

      When a patentee charges a defendant with patent infringement, the defendant necessarily has standing to raise a validity challenge. *Cardinal Chemical v. Morton.,* 113 S.Ct. 1967, 1974-75 (1993) ("If … a party has actually been charged with infringement of the patent, there is, necessarily, a case or controversy adequate to support jurisdiction of a complaint … [of invalidity] under the [Declaratory Judgment] Act."). A cessation of the infringement claim with prejudice does not moot the defendant's standing. *Id.* at 1976 ("[I]t is clear that the Federal Circuit had jurisdiction to review the declaratory judgment of invalidity. The case did not become moot when that court affirmed the finding of noninfringement."). SimpleAir's voluntary dismissal, without more, is not sufficient to revoke Google's Article III standing.

      Simple Air must also meet the Supreme Court's "voluntary cessation test." Specifically, it is Simple Air's burden to show that it could not reasonably be expected to resume its enforcement efforts against Google, Google's customers, or even against Google's yet-unidentified or later-developed products and services. *See Already v. Nike*, 133 S.Ct. 721, 727 (2013) ("Nike dismissed its claims [of infringement] with prejudice and issued its covenant [not to sue], calling into question the existence of any continuing case or controversy [of defendant's invalidity claim]. Under our precedents, it was Nike's burden to show that it 'could not reasonably be expected' to resume its enforcement efforts against Already."). *Id.* at 728.

Sterne, Kessler, Goldstein & Fox P.L.L.C. : 1100 New York Avenue, NW : Washington, DC 20005 : t 202.371.2600 f 202.371.2540       SKGF.COM

**VIA ECF**
Mr. Peter R. Marksteiner
February 3, 2017
Page 2

      SimpleAir has not made the requisite showing of voluntary cessation to negate Google's Article III standing.

                            Respectfully submitted,

                            STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.

                            /s/ `Jon E. Wright`

                            Jon E. Wright
                            *Counsel for Appellant Google Inc.*

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF SERVICE

I certify that I served a copy on counsel of record on __February 3, 2017__ by:

- ☐ U.S. Mail
- ☐ Fax
- ☐ Hand
- ☒ Electronic Means (by E-mail or CM/ECF)

| | |
|---|---|
| Jon E. Wright | /s/ Jon E. Wright |
| Name of Counsel | Signature of Counsel |

| | |
|---|---|
| Law Firm | Sterne, Kessler, Goldstein & Fox P.L.L.C. |
| Address | 1100 New York Avenue, NW |
| City, State, Zip | Washington, DC 20005 |
| Telephone Number | (202) 772-8651 |
| Fax Number | (202) 371-2540 |
| E-Mail Address | jwright@skgf.com |

NOTE: For attorneys filing documents electronically, the name of the filer under whose log-in and password a document is submitted must be preceded by an "/s/" and typed in the space where the signature would otherwise appear. Graphic and other electronic signatures are discouraged.

Reset Fields