2016-1901

---

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

---

GOOGLE INC.,

*Appellant*

v.

SIMPLEAIR, INC.,

*Appellee*

---

Appeal from the United States Patent and Trademark Office
Patent Trial and Appeal Board Case No. IPR2015-00180

---

Appellee SimpleAir, Inc.'s Motion to Dismiss for Lack of Article III Standing

Gregory S. Dovel
John Jeffrey Eichmann
Jonas Jacobson
Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

Dated: February 4, 2017

## Certificate of Interest

Counsel for Appellee SimpleAir, Inc. certifies the following:

1. The full name of every party or amicus represented by me is:

    SimpleAir, Inc.

2. The name of the real party in interest (if the party named in the caption is not the real party in interest) represented by me is:

    None.

3. All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party or amicus curiae represented by me are:

    None.

4. The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court are:

    <u>Dovel & Luner, LLP</u>: Gregory S. Dovel, John J. Eichmann, and Jonas Jacobson

    <u>Buchanan Ingersoll & Rooney PC</u>: Charles F. Wieland III and Robert G. Mukai

February 4, 2017                            Respectfully submitted,

*/s/ Jonas Jacobson*
Jonas Jacobson
Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066
*Counsel for Appellee*
*SimpleAir, Inc.*

## Table of Contents

I. Introduction...........................................................................................................1

II. Google has not proven and cannot prove it has Article III standing................1

    A. Google must prove that it suffered an injury in fact. .............................1

    B. Google has not produced and cannot produce evidence of an injury in fact. ...............................................................................................2

    C. Google's arguments are without merit. ..................................................4

III. Conclusion. ........................................................................................................7

IV. Statement of opposition. ...................................................................................7

# **Table of Authorities**

**Cases**

*Already, LLC v. Nike, Inc.*,
　133 S. Ct. 721 (2013) ..................................................................................5, 6

*Cardinal Chem. Co. v. Morton Int'l, Inc.*,
　508 U.S. 83 (1993) ...........................................................................................4

*Phigenix, Inc. v. Immunogen, Inc.*,
　No. 2016-1544 (Fed. Cir. Jan. 9, 2017)........................................................ 1, 2, 7

*SimpleAir, Inc. v. Sony Ericsson Mobile Commc'ns AB*,
　820 F.3d 419 (Fed. Cir. 2016) ...........................................................................3

**I.     Introduction.**

This Court recently held that an appellant cannot establish Article III standing to appeal a PTAB decision unless it can prove it suffered an injury in fact from the Board's decision. *Phigenix, Inc. v. Immunogen, Inc.,* No. 2016-1544 (Fed. Cir. Jan. 9, 2017). Google has not and cannot provide any such proof. There is no pending suit and no threat of a future suit asserting that Google infringes the '154 patent (which is now expired). Accordingly, this appeal should be dismissed for lack of standing.

**II.    Google has not proven and cannot prove it has Article III standing.**

**A.     Google must prove that it suffered an injury in fact.**

"[A]lthough Article III standing is not necessarily a requirement to appear before an administrative agency, an appellant must nevertheless supply the requisite proof of an injury in fact when it seeks review of an agency's final action in a federal court." *Phigenix, Inc. v. Immunogen, Inc.,* No. 2016-1544 (Fed. Cir. Jan. 9, 2017)*,* slip. op. at 5.[1] To prove an injury in fact, Google must prove an injury that is "both concrete *and* particularized," i.e., "actual or imminent" harm that is "personal and individual" to Google. *Id.* "[A] conjectural or hypothetical injury will not suffice." *Id.*

---

[1] In this motion, all internal citations and quotation marks are omitted.

The burden to produce evidence of such harm is on Google, and "the summary judgment burden of production applies." *Id.* at 7. Google must produce the required evidence "at the first appropriate time, whether in response to a motion to dismiss or in the opening brief." *Id.* at 4.

Accordingly, if Google has not met and cannot meet its burden to produce evidence of an injury in fact, then there can be no standing.

### B. Google has not produced and cannot produce evidence of an injury in fact.

Google has not met its burden to produce evidence of an injury in fact. Like the appellant in *Phigenix*, Google "does not contend that it faces risk of infringing the ['154] patent, that it is an actual or prospective licensee of the patent, or that it otherwise plans to take any action that would implicate the patent." *Id.* at 9. Google's brief does not provide support for any theory of standing, and Google's bare assertion of jurisdiction (AOB1) is insufficient. *Phigenix*, slip. op. at 8 ("[A]n appellant must either identify ... record evidence sufficient to support its standing to seek review or, if there is none because standing was not an issue before the agency, submit additional evidence to the court of appeals.").

Moreover, Google cannot meet its burden. Google could provide proof of actual or imminent harm if reversing the Board's decision could end or limit a suit against Google for infringement of the '154 patent or eliminate an imminent risk of such a suit. But Google cannot prove any such circumstance. SimpleAir

previously sued Google for infringing the '154 patent, but dismissed that claim with prejudice. AOB at v. And SimpleAir has not reasserted or threatened any new claim against Google (or any customer, supplier, or application developer of or associated with Google or its products) for infringing the '154 patent.

In fact, SimpleAir is barred, by issue preclusion, from reasserting the '154 patent against Google's previously-accused system. Each claim of the '154 patent recites or incorporates the limitation "wherein the transmission is made whether the remote computing devices are online or offline from a data channel associated with the remote computing devices." Appx89 (independent claim 1). In an appeal involving the related '914 patent, this Court found that Google does not infringe that same limitation. *SimpleAir, Inc. v. Sony Ericsson Mobile Commc'ns AB*, 820 F.3d 419, 432 (Fed. Cir. 2016) (holding that Google's accused system does not infringe the '914 limitation "whether said computing devices are online or offline from a data channel associated with each device."); *see* Appx3917 ('914 patent, claim 1). As a result, SimpleAir has not and cannot reassert the '154 patent against Google or any Google customers that use its previously accused GCM system.[2] Moreover, there has never been any assertion or threat of assertion that some other product of Google (i.e., other than the GCM system) infringes the '154 patent and

---

[2] Issue preclusion does not bar SimpleAir's pending claims for infringement by Google of other patents not at issue in this appeal because those other patents do not contain the same claim limitations as the '914 and '154 patents.

there can be no suit against a future Google product because the '154 patent has expired.

Accordingly, Google has not and cannot establish that it has Article III standing. Therefore this Court should dismiss Google's appeal.

### C. Google's arguments are without merit.

Google opposes this motion with arguments and authority that are unavailing.

*<u>Cardinal Chemical</u>*

Google asserts that, under *Cardinal Chem. Co. v. Morton Int'l, Inc*., 508 U.S. 83 (1993), SimpleAir's previous "charge of infringement confers Google with Article III standing" to appeal the Board's decision, and that "standing is not revoked by SimpleAir's subsequent voluntary dismissal, with prejudice, of its infringement claim." Dkt. 40 (Google Rule 28(j) response). Google is incorrect.

*Cardinal Chemical* addressed whether, when this Court *already has* established jurisdiction to review findings of noninfringement and invalidity from a district court, affirmance on noninfringement strips jurisdiction for validity. 508 U.S. 83, 98 (1993) ("In this case Cardinal properly invoked the original jurisdiction of the District Court, and Morton properly invoked the appellate jurisdiction of the Federal Circuit. …The Federal Circuit's decision to rely on one of two possible

alternative grounds (noninfringement rather than invalidity) did not strip it of power to decide the second question.").

The Supreme Court later explained that *Cardinal Chemical* "affirmed the unremarkable proposition that a court's decision to rely on one of two possible alternative grounds (noninfringement rather than invalidity) did not strip it of [Article III] power to decide the second question. In essence, <u>when a court has jurisdiction to review a case</u>, and decides the issue on two independent grounds, the first half of its opinion does not moot the second half, or vice versa." *Already, LLC v. Nike, Inc.*, 133 S. Ct. 721, 729 (2013) (emphasis added).

Accordingly, *Cardinal Chemical* did not address whether a party's previous standing in a now-dismissed district court case confers this Court standing to review a decision by the Board. Moreover, unlike in *Cardinal Chemical*, here it has not yet been established that this Court has jurisdiction over the appealed findings (i.e., the Board's decision). Thus, contrary to Google's assertion, the issue cannot be whether such jurisdiction was mooted by SimpleAir's prior dismissal of its infringement claims. Instead, the issue is whether Google can establish such jurisdiction in the first place.

### The voluntary cessation test

Google also asserts that SimpleAir bears the burden to defeat standing by meeting the "voluntary cessation test"—i.e., showing that it "could not reasonably

5

be expected to resume its enforcement efforts against [Google]." Dkt. 40 (quoting *Already v. Nike, Inc.*, 133 S.Ct. 721, 728 (2013)). A demonstration by Google that the voluntary cessation test applies would not establish standing because this test is met. Moreover, this test does not apply.

<u>The voluntary cessation test is met</u>. In *Already,* the plaintiff met its burden to show there was no reasonable expectation of a further suit by issuing a covenant not to sue. *Already*, 133 S. Ct. 728 at 732. Here, Google has something stronger than a covenant not to sue— it has a final judgment from this Court that Google's previously accused GCM system does not infringe a claim limitation that is found in each claim of the '154 patent. As discussed above, this decision precludes SimpleAir from asserting the '154 patent against Google's GCM system.

Once the voluntary cessation test is met, as it is here, the burden shifts to Google to show an actual or imminent harm. *See id*. at 729 (finding the voluntary cessation test met and then analyzing whether defendant proved the "concrete and actual injury necessary to establish Article III standing"). As shown above, Google cannot meet that burden.

<u>The voluntary cessation test does not apply</u>. The voluntary cessation test applies once Article III jurisdiction has already been established and plaintiff is seeking to moot that jurisdiction via voluntary dismissal. *See id.* at 727 ("At the outset of this litigation, both parties had standing to pursue their competing claims

6

in court. … Under our precedents, it was Nike's burden to show that it could not reasonably be expected to resume its enforcement efforts against Already."). Unlike in *Already*, this Court's jurisdiction over the Board's decision has not already been established. Therefore there is no existing jurisdiction to moot. In this situation, this Court's decision in *Phigenix* controls, and the initial burden is on Google to provide proof of an injury in fact. *Phigenix, Inc. v. Immunogen, Inc.*, No. 2016-1544 (Fed. Cir. Jan. 9, 2017), slip. op. at 5 (an "appellant must … supply the requisite proof of an injury in fact when it seeks review of an agency's final action in a federal court."). As shown above, Google has not done so and cannot do so.

### III. Conclusion.

For the above reasons, this Court should dismiss Google's appeal for lack of Article III jurisdiction.

### IV. Statement of opposition.

Counsel for Google has stated that Google opposes this motion and will file a response.

February 4, 2017                                Respectfully submitted,

                                                */s/ Jonas Jacobson*
                                                Jonas Jacobson
                                                Dovel & Luner, LLP
                                                201 Santa Monica Blvd., Suite 600
                                                Santa Monica, CA 90401

(310) 656-7066
jonas@dovel.com

*Counsel for Appellee
SimpleAir, Inc.*

8

## **Certificate of Filing and Service**

I hereby certify that on this 4th day of February, 2017, I caused the foregoing to be filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to counsel of record.

*/s/ Jonas Jacobson*
*Counsel for Appellee*
*SimpleAir, Inc.*